**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Trevor Davis Missell, <br><br> Plaintiff, <br><br> vs. <br><br> Carolyn W. Colvin, Acting Commissioner of Social Security, <br><br> Defendant. | No. CV 13-8226-PCT-JAT <br><br> **ORDER** |

Plaintiff filed for social security disability benefits. After a hearing before an Administrative Law Judge ("ALJ"), Plaintiff's application was denied. Doc. 11-3 at 14-25. Plaintiff has appealed that denial to this Court.

Plaintiff alleges three claims of error on appeal: 1) the ALJ improperly rejected the testimony of the treating physician; 2) the ALJ misinterpreted the opinion of a consulting physician; and 3) the ALJ did not have substantial evidence upon which to discredit the testimony of Plaintiff. Doc. 12 at 2.

**I.    Factual background**

The parties are familiar with the factual background in this case, and it is summarized in the ALJ's decision. Doc. 11-3 at 14-25. Therefore, the Court will reference it only as necessary to the decision below.

**II.   Review of ALJ's Decision**

The ALJ's decision to deny benefits will be overturned "only if it is not supported by

1. substantial evidence or is based on legal error." *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). In determining whether there is substantial evidence to support a decision, this Court considers the record as a whole, weighing both the evidence that supports the ALJ's conclusions and the evidence that detracts from the ALJ's conclusions. *Id.* If there is sufficient evidence to support the ALJ's determination, the Court cannot substitute its own determination. *See Young v. Sullivan*, 911 F.2d 180, 184 (9th Cir. 1990). Additionally, the ALJ is responsible for resolving conflicts in medical testimony, determining credibility, and resolving ambiguities. *See Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Thus, if on the whole record before this Court, substantial evidence supports the ALJ's decision and the decision is free of legal error, this Court must affirm it. *See Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989); *see also* 42 U.S.C. § 405(g).

## III.   Claims of Error on Appeal

Before the Court turns to the particular claims of error on appeal, the Court notes that an overarching argument of Plaintiff appears to be that the ALJ did not properly address Plaintiff's substance abuse. The Government has summarized the law regarding the ALJ's obligations regarding a claimant's substance abuse as follows:

> In cases where an ALJ finds that a claimant who is abusing drugs or alcohol is disabled, she must undertake a "DAA" analysis as to whether such substance abuse is material to the finding of disability. See 20 C.F.R. § 404.1535; see also 42 U.S.C. § 1382c(a)(3)(J); Social Security Ruling (SSR) 13-2p, 78 Fed. Reg. 11,939, 11,941 (Feb. 20, 2013). If the ALJ determines pursuant to the DAA analysis that the individual would not be found disabled absent the substance abuse, then she must find the claimant not disabled. *See* 20 C.F.R. § 404.1535; SSR 13-2p, 78 Fed. Reg. at 11,941. As here, where the ALJ finds that the claimant is not disabled regardless of his substance abuse, she need not conduct the DAA analysis.

Doc. 15 at 8, n.4. Plaintiff does not dispute this summary of the law. However, Plaintiff does argue that without doing a DAA analysis, the ALJ nonetheless used Plaintiff's substance abuse as a basis to find Plaintiff not disabled. The Court will address this issue in the context of each of Plaintiff's arguments below.

### A.   ALJ's rejection of the treating physician's opinion

Plaintiff argues that the ALJ improperly rejected the testimony of his treating

- 2 -

1 psychiatrist, Dr. Nagella. Doc. 12 at 5.

> "Where a treating physician's opinion is not contradicted by another doctor, it may be rejected only for clear and convincing reasons. *Thomas v. Barnhart*, 278 F.3d 947, 956-57 (9th Cir.2002). However, the ALJ can reject the opinion of a treating physician in favor of the conflicting opinion of another examining physician "if the ALJ makes 'findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record.' " *Id.* at 957 (quoting *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir.1989))."

*Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003).

In this case, Dr. Nagella treated Plaintiff on March 12, 2010, and diagnosed Plaintiff with various mental limitations. Doc. 11-3 at 22. The ALJ rejected Dr. Nagella's diagnosis for two reasons. First, the ALJ found that Dr. Nagella accepted Plaintiff's subjective complaints without regard to Plaintiff's on-going substance abuse. Doc. 11-3 at 23. Second, the ALJ found that Dr. Nagella's opinion was not supported by the greater record, regardless of Plaintiff's substance abuse. *Id.*

The record in this case reveals that Plaintiff has a long and significant history of substance abuse. Doc. 11-3 at 19 (finding a history of Plaintiff abusing heroin, methamphetamine, marijuana, alcohol, and Seroquel (obtained from a friend), and misuse of Plaintiff's own prescription medications). However, as the Government noted in footnote 4 of its brief, the ALJ determined that even while using all of these drugs, Plaintiff was not disabled. Therefore, the ALJ did not have to do a DAA analysis. Conversely, Plaintiff argues that if his drug use was the basis to discredit, for example, the opinion of his treating physician, then the ALJ's conclusion that Plaintiff is not disabled regardless of his drug abuse is inconsistent reasoning; and, therefore, there is a lack of substantial evidence to support the ALJ's ultimate decision. Doc. 12 at 5.

Turning to the ALJ's second reason for rejecting Dr. Nagella's testimony, the ALJ found it was not supported by the record as a whole. Specifically, the ALJ noted that the November 2011 progress notes from the West Yavapai Guidance Center ("WYGC") showed Plaintiff had far higher functioning than Dr. Nagella's opinion. Doc. 11-3 at 23. Because this was also a treating source for Plaintiff (*id.* at 16), the ALJ was correct to compare the treating source medical information and to decide which source to credit. *See Andrews*, 53

1  F.3d at 1039.  Further, the ALJ also credited the state agency reviewing physicians over Dr.
2  Nagella because the state agency physicians' findings were consistent with the record as a
3  whole, including the WYGC's progress notes and Plaintiff's own reports of his daily
4  activities.  *Id*.

5  Thus, the Court finds the ALJ set forth specific and legitimate reasons supported by
6  substantial evidence of record for not crediting Dr. Nagella's opinion.  As a result, the Court
7  need not consider the ALJ's alternative reason for rejecting Dr. Nagella's opinion.

### B. The ALJ's summary of Dr. Gill's opinion

Plaintiff argues that the ALJ gave "greater weight" to the opinion of examining physician, Dr. Gill, but mis-characterized Dr. Gill's opinion.  Doc. 12 at 7.  Specifically, the ALJ stated that greater weight was given to Dr. Gill's opinion, "to the extent [the opinion] supports a finding that claimant can perform simple and repetitive tasks on a regular and sustained basis with limited social contact in the workplace."  Doc. 11-3 at 12.  On appeal, Plaintiff argues that Dr. Gill's opinion, taken as a whole, does not support that Plaintiff can perform simple and repetitive tasks on a sustained basis.  Doc. 12 at 7.

The ALJ is responsible for resolving conflicts and ambiguities in the evidence, not this Court.  *See Andrews*, 53 F.3d at 1039.  Further, if the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, then this Court will affirm the decision.  *Id*. at 1040.

Here, the ALJ finds that Dr. Gill's assessment supports a conclusion, specifically that Plaintiff "can perform simple and repetitive tasks on a regular and sustained basis with limited social contact in the workplace."  Doc. 11-3 at 12.  The Court has reviewed Dr. Gill's assessment.  Doc. 11-9 at 72-80.  The Court finds that Dr. Gill's assessment, while subject to more than one interpretation, is consistent with the ALJ's conclusion.  Therefore, this Court will not substitute its judgment for that of the ALJ.  Accordingly, the Court will not reverse the ALJ on this basis.

### C. Plaintiff's symptom testimony

Plaintiff claims the ALJ erred in rejecting his testimony regarding his symptoms.  This

- 4 -

1 Court has held that:

> An ALJ must engage in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible. *Lingenfelter*, 504 F.3d at 1035–36. First, as a threshold matter, "the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.' " *Id.* at 1036 (quoting *Bunnell*, 947 F.2d at 344). The claimant is not required to show objective medical evidence of the pain itself or of a causal relationship between the impairment and the symptom. *Smolen*, 80 F.3d 1273, 1282 (9th Cir. 1996). Instead, the claimant must only show that an objectively verifiable impairment "could reasonably be expected" to produce the claimed pain. *Lingenfelter*, 504 F.3d at 1036 (quoting *Smolen*, 80 F.3d at 1282); *see also* SSR 96–7p at 2; *Carmickle*, 533 F.3d at 1160–61 ("reasonable inference, not a medically proven phenomenon"). If the claimant fails this threshold test, then the ALJ may reject the claimant's subjective complaints. *See Smolen*, 80 F.3d at 1281 (citing *Cotton v. Bowen*, 799 F.2d 1403 (9th Cir. 1986) (reaffirmed in *Bunnell*, 947 F.2d 341)).
>
> Second, if the claimant meets the first test, then "the ALJ 'may not discredit a claimant's testimony of pain and deny disability benefits solely because the degree of pain alleged by the claimant is not supported by objective medical evidence.' " *Orteza v. Shalala,* 50 F.3d 748, 749–750 (9th Cir. 1995) (quoting *Bunnell*, 947 F.2d at 346–47). Rather, "unless an ALJ makes a finding of malingering based on affirmative evidence thereof," the ALJ may only find the claimant not credible by making specific findings supported by the record that provide clear and convincing reasons to explain his credibility evaluation. *Robbins*, 466 F.3d at 883 (citing *Smolen*, 80 F.3d at 1283–84 ("Once a claimant meets [step one] and there is no affirmative evidence suggesting she is malingering, the ALJ may reject the claimant's testimony regarding the severity of her symptoms only if he makes specific findings stating clear and convincing reasons for doing so.")); *see also, e.g.*, *Lingenfelter*, 504 F.3d at 1036 (if the ALJ has found no evidence of malingering, then the ALJ may reject the claimant's testimony "only by offering specific, clear and convincing reasons for doing so").

*Trembulak v. Colvin*, No. CV-12-02420-PHX-JAT, 2014 WL 523007, at *8–9 (D. Ariz. Feb. 10, 2014)).

In this case, the ALJ found that Plaintiff had, "medically determinable impairments [that] could reasonably be expected to cause the alleged symptoms." Doc. 11-3 at 19. Thus, the ALJ could reject Plaintiff's self-reported symptoms only if the ALJ found evidence of

1  malingering or made specific findings supported by the record which provided clear and
2  convincing reasons to explain the ALJ's credibility evaluation.

3  First, the ALJ suggested that there was malingering. *Id.* Specifically, the ALJ stated:

> "one has to question [Plaintiff's] motivation for work in light of his history of intravenous drug abuse including heroin and methamphetamine, as well as continued marijuana smoking. [Plaintiff] failed to differentiate between his alleged disability and his substance abuse. [Plaintiff] appears motivated to continue using drug, as he even misuses prescription medication."

*Id.*

In response to this finding, Plaintiff argues on appeal that it was inappropriate for the ALJ to consider his drug abuse without doing a DAA analysis. Doc. 12 at 8-9. In sum, what Plaintiff appears to be arguing is that the ALJ may not consider Plaintiff's drug use in any way unless the ALJ is going to presume that Plaintiff is disabled and do a DAA analysis. The Court has found nothing in the social security regulations cited by the parties that suggests that the ALJ may not consider Plaintiff's drug use as a factor in the ALJ's analysis unless the ALJ is going to find the claimant disabled. Said a different way, while the CFRs require drug use to be considered when a claimant is found to be disabled, neither party has cited anything that requires the ALJ to wholly pretend drug use does not exist in making the initial disability determination.

Nonetheless, the Court has done its own research and determined that the Ninth Circuit Court of Appeals has held that an ALJ committed error when the ALJ, at step two, determined that a claimant's behavioral and emotional problems were the result of his alcohol abuse and not "independently severe or disabling." *Bustamante v. Massanari*, 262 F.3d 949, 954-55 (9th Cir. 2001). In conclusion the Court of Appeals held, "If, and only if, the ALJ found that Bustamante was disabled under the five-step inquiry, should the ALJ have evaluated whether Bustamante would still be disabled if he stopped using alcohol." *Id.* at 955.

Thus, the *Bustamante* decision suggests that the ALJ must make the initial disability determination without regard to whether the alcohol or drug abuse is the cause of the

- 6 -

symptoms. However, what *Bustamante* does not speak to is whether the ALJ can consider drug using in making a credibility determination.

Here, the ALJ clearly considered Plaintiff's long history of drug use in evaluating whether Plaintiff was motivated to return to work. Further, the ALJ found that Plaintiff's focus on drug use was his true motivation for not working. The Court finds this was not improper, and was a finding of malingering sufficient to reject Plaintiff's subjective complaint testimony.

Alternatively, even if the ALJ erred in relying on Plaintiff's drug use in evaluating his credibility, the ALJ gave several other reasons for finding Plaintiff not credible. First, the ALJ found that Plaintiff's testimony about the intensity, persistence and limiting effects of his symptoms was inconsistent with his testimony about his daily activities and his overall abilities. Doc. 11-3 at 19. Second the ALJ found that Plaintiff's testimony was not reliable because it was inconsistent regarding Plaintiff's drug and alcohol abuse (showing that Plaintiff was an inaccurate historian about himself). *Id*. Third, Plaintiff testified inconsistently regarding how his last job ended. *Id*. Fourth, Plaintiff was not cooperative in returning his paperwork regarding his state application for disability benefits. *Id*. at 20. Fifth, Plaintiff's testimony regarding his symptoms was inconsistent with the objective clinical and laboratory evidence in the record. *Id.*

The Court finds that these are clear and convincing reasons to find Plaintiff not credible and to reject his symptom testimony. On appeal, Plaintiff does not argue that these are not clear and convincing reasons to reject Plaintiff's testimony. Instead, Plaintiff attempts to take each reason in turn and explain why the reason is not supported by substantial evidence of record. Thus, Plaintiff argues that this Court should review the record and reject each of the ALJ's reasons as unsupported by the record.

As listed above, first the ALJ found that Plaintiff's testimony about the intensity, persistence and limiting effects of his symptoms was inconsistent with his testimony about his daily activities and his overall abilities. On appeal, Plaintiff does not dispute this factual finding. Instead, makes a legal argument that a claimant having some limited daily activities

1  does not mean the claimant is not disabled. Doc. 12 at 9 (citing *Robinson v. Barnhart*, 469
2  F.Supp.2d 793 (D. Ariz. 2006). In this case, however, the ALJ did not state Plaintiff was not
3  disabled because he had limited daily activities. Instead the ALJ found that Plaintiff's daily
4  activities as recounted by Plaintiff, including maintaining personal care, eating, smoking
5  marijuana, riding his bike, eating out, collecting food at a food bank, and doing some house
6  work, were inconsistent with Plaintiff's testimony regarding the severity of Plaintiff's
7  symptoms. Doc. 11-3 at 20. Thus, the ALJ found Plaintiff not credible for this reason,
8  which is different than finding the Plaintiff not disabled for this reason. The Court finds this
9  reason is supported by substantial evidence of record. *See generally Berry v. Astrue*, 622
10 F.3d 1228, 1235 (9th Cir. 2010) (finding that claimant's self-reported daily activities
11 undermined claimant's credibility regarding his claims about the severity of his limitations).

12       Second, the ALJ found Plaintiff testified inconsistently about his prior drug use. On
13 appeal, Plaintiff does not factually dispute this finding. Instead, Plaintiff makes a legal
14 argument that it was inappropriate for the ALJ to consider his drug use without doing a DAA
15 assessment. The Court finds it was not error for the ALJ to consider inconsistencies in
16 Plaintiff's testimony as evidence that he was not credible. *See generally Thomas v. Barnhart*,
17 278 F.3d 947, 959 (9th Cir. 2002) (discounting the claimant's credibility because she
18 presented conflicting information about her drug and alcohol use). Therefore, the Court finds
19 this reason is supported by substantial evidence of record.

20       Third, the ALJ found that Plaintiff gave inconsistent testimony regarding how his last
21 job ended, thereby undermining his credibility. Specifically, the ALJ found that Plaintiff told
22 the WYGC that he was fired from his job, but testified before the ALJ that he quit his job.
23 Doc. 11-3 at 19. Plaintiff factually disputes this finding on appeal as follows: "The ALJ
24 asked 'So you actually quit the job then?' and [Plaintiff] answered 'Yes, you could say that.'
25 [citation omitted]. It was the ALJ that indicated [Plaintiff] quit his job so there is no
26 discrepancy." Doc. 12 at 9.

27       The Court finds this argument disingenuous. Specifically, Plaintiff argues on appeal
28 that the ALJ asking a question amounts to the ALJ making up facts even though the Plaintiff

- 8 -

1  answered yes to the question. Clearly this finding of the ALJ is supported by the record —
2  indeed by Plaintiff's own testimony — and Plaintiff's claim of error on appeal is wholly
3  unfounded.

4  Fourth, the ALJ found Plaintiff was not credible because Plaintiff was not cooperative
5  in returning his paperwork regarding his state application for disability benefits. On appeal,
6  Plaintiff does not dispute that he did not turn in his paperwork in a timely fashion. Instead,
7  he argues that the ALJ improperly weighed this evidence because his failure to return his
8  paperwork should have been weighed as evidence of his problems. Doc . 12 at 9-10.

9  It is the ALJ's duty to resolve ambiguities in the evidence and assess credibility. *See*
10  *Andrews*, 53 F.3d at 1039. This Court cannot substitute its judgment for the ALJ simply
11  because the evidence could be given more than one possible meaning. *See Young*, 911 F.2d
12  at 184. Accordingly, the Court find that there is substantial evidence of record to support the
13  ALJ's finding on this fourth reason for finding Plaintiff not credible.

14  Fifth and finally the ALJ discredited Plaintiff because Plaintiff's symptom testimony
15  was inconsistent with the medical evidence. On appeal, Plaintiff makes one factual claim of
16  error and one legal claim of error. Regarding the legal claim, Plaintiff argues that the ALJ
17  cannot discredit a claimant's testimony solely because it is not supported by objective
18  medical evidence. Doc. 12 at 10 (citing *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir.
19  1998)). Here, the ALJ did not discredit Plaintiff because there was not objective medical
20  evidence to support his symptoms. Instead, the ALJ discredited Plaintiff because his
21  testimony about the severity of his symptoms was inconsistent with the objective evidence.
22  Accordingly, the Court finds the ALJ did not commit any error on this basis.

23  As to the claim of factual error, Plaintiff argues that the ALJ mis-characterized Dr.
24  Towns' notes. The ALJ's recounts Dr. Towns' notes as follows: "Progress notes from Dr.
25  Town[]s between May and November 2011 show the claimant had normal range of motion,
26  strength, muscle tone, sensation, and deep tendon reflexes in all extremities, with normal gate
27  and station." Doc. 11-3 at 20. The ALJ then concluded that these progress notes were
28  inconsistent with Plaintiff's testimony regarding his upper right extremity and neck

1  complaints. *Id*. Plaintiff argues on appeal that Dr. Towns proscribed pain medication and
2  performed a cervical nerve block, which Plaintiff argues are consistent with Plaintiff's
3  testimony. Doc. 12 at 10.

4  As discussed above, the ALJ is responsible for reviewing and resolving conflicts in
5  the medical testimony. *Andrews*, 53 F.3d at 1039. Plaintiff does not dispute that everything
6  the ALJ recounted is in Dr. Towns' notes. Plaintiff instead disputes how the ALJ interpreted
7  that medical evidence and asks this Court to substitute its judgment for that of the ALJ to
8  conclude that there is no substantial evidence to support the ALJ's decision. However, this
9  Court cannot substitute its judgment for the ALJ. *See generally Flaten v. Sec'y of Health and
10 Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995). Thus, because the ALJ accurately
11 recounted Dr. Towns' progress notes, which were inconsistent with Plaintiff's testimony
12 about the severity of his limitations, the Court finds there is substantial evidence to support
13 the ALJ's decision. Accordingly, the Court finds no error on this basis.

### D. Plaintiff's drug abuse

15 As discussed above, although Plaintiff did not raise the ALJ's failure to do a DAA as
16 a specific claim of error on appeal, throughout his brief Plaintiff suggests that the ALJ's
17 failure to do a DAA analysis was error. As also discussed above, the Ninth Circuit Court of
18 Appeals has held that it is error for the ALJ to rely on a plaintiff's alcoholism as a basis to
19 find him not disabled at Step 2. *Bustamante*, 262 F.3d at 954-55.

20 Preliminarily, as further discussed above, the Court notes that neither party has cited,
21 nor has the Court located, a case or regulation that prohibits an ALJ from considering drug
22 and alcohol abuse in assessing a claimant's credibility. Thus, to the extent the ALJ
23 considered Plaintiff's drug abuse in this case as a factor bearing on his credibility, the Court
24 finds no error.

25 To the extent the ALJ considered Plaintiff's drug abuse in other respects in the ALJ's
26 determination that Plaintiff is not disabled, such consideration appears to run afoul of
27 *Bustamante*, 262 F. 3d at 955. The Court has framed this issue as "to the extent" because
28 whether the ALJ considered Plaintiff's drug abuse is somewhat ambiguous in this case.

Specifically, in conclusion the ALJ states: "Because the claimant is not disabled, regardless of his continued polysubstance abuse, his addictions are not contributing factors nor material in any way to a finding of disability in this matter." Doc. 11-3 at 25. Based on this sentence, it would appear that the ALJ did not consider Plaintiff's drug abuse and there was no error.

However, in the next two sentences, the ALJ goes on to state: "The undersigned finds the claimant's mental impairments are treatable when he abstains from drugs and alcohol and takes prescribed medications as directed. The claimant bears the burden of proving that alcoholism and drug addiction are not a contributing factor material to the determination of disability, and the undersigned finds he has failed to do so. see [sic] James Ball v. Massanari, 254 F.3d 817 (9th Cir. 2011)." Doc. 11-3 at 25.

In *Ball*, the Ninth Circuit Court of Appeals held that the ALJ is not required to "separate out" a claimant's drug or alcohol abuse at Step 2 unless the record indicates there are other non-substance-abuse-related impairments that are "severe" and would pass Step 2. 254 F.3d at 823. Based on the ALJ's first sentence, quoted above, it appears that in this case the ALJ found that Plaintiff had no such severe impairments and therefore, under *Ball*, the ALJ did not have to separate out the abuse (or do a DAA analysis). Accordingly, there was no legal error.

However, the second and third sentences quoted above appear to be more along the line of either a DAA analysis or a conflating of the DAA analysis with the initial determination of disability. To the extent these sentences reflect an in the alternative DAA analysis, there was no error. To the extent these sentences reflect that the ALJ considered Plaintiff's drug abuse in finding him not disabled, such consideration is likely error under *Bustamante*, 262 F.3d at 955. An error of this nature, however, is subject to a harmless error review. *See Parra v. Astrue*, 481 F.3d 742, 747 (9th Cir. 2007).

In this case, as discussed above, the ALJ gave specific non-drug-use reasons supported by substantial evidence of record, to find Plaintiff not disabled. These reasons, standing alone, are an adequate basis to affirm the decision of the ALJ. Therefore, to the extent the ALJ relied on alternative reasons based on Plaintiff's drug use, any error was

harmless. In other words, the Court will affirm the ALJ's decision based on only the ALJ's cited non-drug-use-related reasons for each of the ALJ's findings and the ALJ's ultimate decision.

## IV. Conclusion

Based on the foregoing, the Court finds that the ALJ did not commit any legal error and that the ALJ's decision is supported by substantial evidence of record. Accordingly,

**IT IS ORDERED** that the decision of the ALJ is affirmed and the Clerk of the Court shall enter judgment accordingly.[1]

DATED this 19th day of May, 2014.

James A. Teilborg
Senior United States District Judge

---

[1] To the extent a mandate is required, the judgment shall serve as the mandate in this case.

- 12 -